**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
   **JUDGE**

January 23, 2005

Jean Marc Zimmerman
Zimmerman, Levy & Korsinsky, LLP
226 St. Paul Street
Westfield, NJ 07090

   (*Counsel for Plaintiff*)

Anthony M. Rainone
Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman, P.C.
The Legal Center
One Riverfront Plaza, 8th Floor
Newark, NJ 07102

   (*Counsel for Defendant*)


   **RE:   Millennium, L.P. v. AutoData Systems**
          <u>**Civ. No. 05-1576 WJM**</u>


Dear Counsel:

   This matter comes before the Court on Defendant AutoData Systems's Cross-Motion to Dismiss Plaintiff Millennium, L.P.'s Complaint Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(5) and 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78. For the following reasons, AutoData's motion is **GRANTED** in part and **DENIED** in part and Millennium's complaint is **DISMISSED WITHOUT PREJUDICE.**

**I.   Background**

   Millennium, L.P. ("Millennium") filed its complaint against AutoData Systems ("AutoData") on March 22, 2005. The complaint alleges that AutoData is infringing five of its

patents for an invention called "Information Processing Methodology." The complaint also contends that AutoData is a Minnesota corporation having its principal place of business in Minneapolis.

On June 14, 2005, Millennium attempted to serve AutoData by leaving a summons and complaint with a receptionist at AutoData's headquarters in Minnesota. Two weeks later, Millennium received a call from attorneys for a company called Electro-Sensors, Inc. ("Electro-Sensors"), which purportedly owns the trade name "AutoData Systems." Electro-Sensors's attorneys informed Millennium that service was improper because the receptionist was employed by Electro-Sensors and not AutoData, and therefore she was not authorized to receive service on AutoData's behalf. Furthermore, the attorneys informed Millennium that since "AutoData Systems" is merely a trade name owned by the Electro-Sensors, it is not an entity capable of being sued.

In an effort to promote a settlement, Millennium extended AutoData's time to respond to the complaint until September 6, 2005. When that date arrived, however, AutoData's attorneys did not answer or respond to the complaint. Instead, they sent facsimile to Millennium indicating, once again, that service was improper and that AutoData was not an entity capable of being sued. The following day, Millennium filed a motion for default judgment, which was subsequently vacated.[1] AutoData then filed a motion to dismiss Millennium's complaint for: (1) improper service under Fed. R. Civ. P. 12(b)(5); (2) lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); and (3) lack of capacity to be sued under Fed. R. Civ. P. 12(b)(6) and 17(b). AutoData also requested that sanctions be levied against Millennium under 28 U.S.C. § 1927. AutoData's motion to dismiss and request for sanctions is presently before the Court.

## II.     Discussion

### A.     Millennium's Complaint Must Be Dismissed Without Prejudice Under Fed. R. Civ. P. 12(b)(5) For Improper Service.

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a case for "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). "The party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993). Since Millennium alleges that AutoData is a domestic corporation, Millennium bears the burden of proving that service was effected within the confines of Fed. R. Civ. P. 4(h). *See* Fed. R. Civ. P. 4(h) (governing service of corporations and associations).

Under Fed. R. Civ. P. 4(h), a domestic corporation may be served by either: (1) "delivering a copy of the summons and ... complaint to an officer, a managing or general agent,

---

[1]Magistrate Judge Ronald J. Hedges granted AutoData's motion to vacate default. *See* Order, *Millennium, L.P. v. AutoData Sys.*, 05-1576 (D.N.J. Nov. 9, 2005).

or to any other agent authorized by appointment or by law to receive service of process"; or (2) pursuant to the law of the state where the district court is located under Fed. R. Civ. P. 4(e)(1). *See* Fed. R. Civ. P. 4(h). In New Jersey, service upon a domestic corporation may be effected by personally serving:

> [A]ny officer, director, trustee, or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof....

New Jersey Rules of Court 4:4-4(a)(6). New Jersey also allows a party to serve a corporation outside the state by mail "if it appears by affidavit ... that despite diligent effort and inquiry personal service cannot be made...." New Jersey Rules of Court 4:4-4(b)(1).

Millennium's complaint must be dismissed for improper service under Fed. R. Civ. P. 12(b)(5). Millennium provides no proof that the receptionist, upon whom service was attempted, was an officer, director, trustee, agent, or person authorized to receive process on AutoData's behalf, or that it effected service in accordance with New Jersey law.[2] Furthermore, Millennium does not offer any proof that it attempted service by any means other than personal delivery of the summons and complaint to the receptionist. Accordingly, Millennium complaint must be dismissed without prejudice.[3]

### B.   Millennium's Complaint Must Also Be Dismissed Without Prejudice Under Fed. R. Civ. P. 12(b)(2) For Lack Of Personal Jurisdiction.

Since service upon AutoData was improper, Millennium's complaint must also be dismissed without prejudice for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). *Grand Entm't Group*, 988 F.2d at 492 (holding that proper service is a "prerequisite to personal

---

[2]We note that service would also be proper had Millennium complied with Minnesota's provisions for serving a corporation. *See* Fed. R. Civ. P. 4(e)(1) (noting that service may be effected "pursuant to the law of the state ... in which service is effected."). In Minnesota, where Millennium attempted to serve AutoData, a plaintiff may personally serve a corporation by "delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly designated by statute to receive service of summons...." Minn R. Civ. P. 4.03(c). Millennium, however, has not met its burden of establishing compliance with this provision.

[3]Millennium also argues that AutoData waived service of the summons and complaint by agreeing to accept service in return for being granted a 60-day extension to respond to Millennium's complaint. The evidence, however, shows otherwise. In particular, the letter AutoData faxed to Millennium on September 6, 2005 clearly states that service of the summons and complaint was improper, thereby impliedly refusing service of process. Furthermore, Millennium offers no proof establishing that AutoData agreed to waive service.

jurisdiction.").

### C. AutoData's Motion to Dismiss For Lack Of Capacity To Be Sued Must Be Denied.

AutoData also moved to dismiss Millennium's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 17(b), arguing that "AutoData Systems" is merely a trade name owned by Electro-Sensors and therefore lacks the capacity to be sued. In support of this motion, AutoData attached the following documents to its brief: (1) a report from the United States Patent and Trademark Office's ("PTO") website listing "AutoData" as a trade name owned by Electro-Sensors; and (2) an affidavit from the chairman of Electro-Sensors stating that "AutoData" is a trade name used by Electro-Sensors to market certain products. In response to these assertions, Millennium also attached documents to its brief. In particular, Millennium attached: (1) a public securities filing describing "AutoData Systems" as a "division" of Electro-Sensors; and (2) a print-out from AutoData's website referring to AutoData as being a "company."

On a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

Since this issue was brought before the Court on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), it would be improper for the Court to issue a ruling regarding AutoData's capacity to be sued based on the above-mentioned extrinsic evidence.[4] This matter is more appropriate for summary judgment. Accordingly, because Millennium's complaint alleges that AutoData is a Minnesota corporation with its principal place of business in Minneapolis, we cannot hold at this juncture that AutoData lacks the capacity to be sued. *See* Fed. R. Civ. P. 9(a) (noting that "[i]t is not necessary to aver the capacity of a party to sue or be sued" in a pleading). Therefore, AutoData's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for lack of capacity to be sued is denied.

---

[4] AutoData places much weight on the report from the PTO's website listing "AutoData" as a trade name. However, even if this report could properly be viewed on a motion to dismiss as a "matter of public record," it would still not satisfy the Court that "AutoData" is merely a trade name and not also an entity capable of being sued. For instance, we note that a trade name and a corporate name can be identical. *See* 1 Jerome Gilson, Trademark Protection and Practice § 1.02[e][4] (2005); *see also* 1 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 4.13 (4th ed. 2005).

### D.     AutoData's Motion To Dismiss Will Not Be Denied As Untimely

Millennium argues that AutoData's motion to dismiss under Fed. R. Civ. P. 12(b)(2), 12(b)(5), and 12(b)(6) is untimely because it was filed more than one month after it was due on September 6, 2005.  This is incorrect.  While an answer must be filed within 20 days of the filing of a complaint, a pre-answer motion to dismiss under Fed. R. Civ. P. 12(b)(2) and 12(b)(5) for lack of personal jurisdiction and improper service can be made more than 20 days after the complaint is filed.  *Zelson v. Thomford*, 412 F.2d 56, 59 n.8 (3d Cir. 1969); *Orange Theater Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 873 (3d Cir. 1944).  In addition, AutoData's motion to dismiss under Fed. R. Civ. P. 12(b)(6) was not untimely.  *See* Fed. R. Civ. P. 12(h)(1) ("A defense for failure to state a claim upon which relief can be granted ... may be made in any pleading permitted ... under 7(a) ... or at the trial on the merits).  Accordingly, AutoData's motion to dismiss is not untimely.

### E.     AutoData's Request For Sanctions Must Also Be Denied

AutoData requests that sanctions be levied against Millennium pursuant to 29 U.S.C. § 1927 for various conduct undertaken by Millennium throughout this litigation, including conduct undertaken during the default proceedings.  Section 1927 provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  To obtain sanctions under § 1927, the moving party must show that the offending party acted wilfully in bad faith.  *Zuk v. Eastern Pennsylvania Psychiatric Inst. of the Med. College of Pennsylvania*, 103 F.3d 294, 297 (3d Cir. 1994).  We note that "[a]lthough § 1927 provides a court with a mechanism for sanctioning vexatious and willful misconduct, 'courts should exercise [this sanctioning power] only in instances of a serious and studied disregard for the orderly process of justice.'"  *LaSalle Nat'l Bank v. First Conn. Holding Group, L.L.C. XXIII*, 287 F.2d 279, 288-89 (3d Cir. 2002) (citing *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986)).

Autodata argues that sanctions are appropriate because Millennium: (1) misrepresented that AutoData agreed to accept service of process; (2) misrepresented that no extension of time to file a response was granted; (3) used settlement discussions allegedly protected under F.R.E. 408 during the default proceedings; and (4) litigated the case even though it knew that service was improper and that AutoData was not capable of being sued.  Based on the evidence before us, however, it does not appear that Millennium's conduct rose to a level warranting sanctions under § 1927.  Accordingly, AutoData's request for sanctions is denied.

## III.    Conclusion

For the foregoing reasons, AutoData's motion to dismiss for improper service and lack of personal jurisdiction is **GRANTED** and Millennium's complaint is **DISMISSED WITHOUT**

**PREJUDICE**.  AutoData's motion to dismiss for lack of capacity to be sued and its request for attorneys' fees is **DENIED.**  An appropriate Order accompanies this Letter Opinion.


                                                  s/ William J. Martini  
                                                **William J. Martini, U.S.D.J.**